**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Anthony A. Adams,<br>Plaintiff,<br>v.<br>Tesla General Insurance, Inc.; et al.,<br>Defendants. | Case No. 2:26-cv-02795-APG-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

Pro se Plaintiff Anthony A. Adams has filed an updated application to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee) under 28 U.S.C. § 1915. (ECF No. 5). However, Plaintiff's application indicates that his income exceeds his expenses by about $3,658.96 per month. So, the undersigned magistrate judge recommends denying Plaintiff's application.

The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *See Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Here, Plaintiff indicates that he has gross pay or wages of $7,770.96 per month. He claims to pay bills totaling $3,556.00 per month.[1] He also indicates that he has outstanding debts totaling $556.00. So, Plaintiff's income exceeds his expenses and debts by about $3,658.96 per month. As a result, the undersigned finds that

---

[1] In response to question 6—which asks Plaintiff to provide the amount of his monthly expenses— Plaintiff provides a range in how much he pays for certain expenses. For car charging and electric, he indicates that this range is $100.00-150.00. Here, the Court uses the maximum value of $150.00 for these expenses to calculate Plaintiff's monthly total bills.

Plaintiff does not qualify for *in forma pauperis* status. Therefore, the undersigned will recommend that Plaintiff's application be denied. The undersigned will retain plaintiff's complaint (ECF No. 1-1), but it will not expend resources to screen it at this time given the recommendation that Plaintiff pay the filing fee.

## ORDER

**IT IS THEREFORE ORDERED** that the Clerk of Court is kindly directed to **send** Plaintiff a copy of this order and report and recommendation.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) be **denied**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be required to pay the full $405 fee for a civil action, which includes the $350 filing fee and the $55 administrative fee, to proceed in this action.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: October 5, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE